**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                 :
TERRANCE MCCLELLAN, et al.,      :
                                 : Civil Action No. 10-827 (MLC)
          Plaintiffs,            :
                                 :        O P I N I O N
                                 :
                                 :
          v.                     :
                                 :
ALBERT M. "BO" ROBINSON, et al., :
                                 :
          Defendants.            :
_____ :
```

**APPEARANCES:**

STANLEY L. NIBLACK, Plaintiff <u>pro</u> <u>se</u>
204 Stevenson Avenue
Edgewater Park, New Jersey 08010

Plaintiffs <u>pro</u> <u>se</u>:
Terrance McClellan
Scott Sauler
Randy Stokes
Christopher Medina
Robert Brown
Alonzo Henderson
John Hewlett
Arthur Cain
Michael Smith
Estaban Rodrigues
Pedro Zaragoza
James White
at
Albert M. Bo Robinson Education & Training Center
377 Enterprise Avenue
Trenton, New Jersey 08638

**COOPER, District Judge**

Thirteen Plaintiffs, prisoners confined at the Albert M. Bo Robinson Education & Training Center in Trenton, New Jersey, at the time they submitted this Complaint, seek to bring this civil action in forma pauperis, without prepayment of fees or security,

asserting claims pursuant to 42 U.S.C. § 1983.[1]  Plaintiffs name twenty-three separate defendants.[2]

Plaintiffs allege that on January 21, 2010, they were subjected to strip searches by defendants Officer Cousar, John Does 2 and 3, Lt. Robert James, Sgt. John Doe, Officer Woods, and Jane Doe, in violation of their Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution and the corresponding parts of the New Jersey Constitution.  Plaintiffs also allege that defendants AMBR, John Clancy, George Hayman, Charles Ellis, Marcus O. Hicks, Mr. Crane, Mr. Guynn, Mr. Shafer, Mercer County, and the MCCI are liable to Plaintiffs for violations of their rights under the Fourth, Eighth, and Fourteenth

---

[1]  Twelve Plaintiffs have submitted applications for leave to proceed in forma pauperis ("IFP"), but they are deficient: (1) Stanley Niblack does not provide a complete and signed affidavit regarding his assets or liabilities; and (2) Arthur Cain, Robert Brown, Christopher Medina, Terrance McClellan, Michael Smith, Randy Stokes, Scott Sauler, John Hewlett, Alonzo Henderson, James White, and Pedro Zaragoza do not include their required certified six-month institutional account statements pursuant to 28 U.S.C. § 1915(a)(2).  Consequently, none of the Plaintiffs have a complete IFP application.  Furthermore, the Plaintiffs, except Niblack, do not provide their prisoner identification numbers.

[2]  The named defendants include: the Albert M. Bo Robinson facility ("AMBR"); Mr. Brockenbrough, AMBR Director; Mr. Crane, AMBR Chief of Operations; Mr. Guynn, AMBR Deputy Director; Mr. Shafer, AMBR Supervisor of Operations; John Clancy, CEO, President, and owner of the Education and Health Centers of America, Community Education Centers; Charles Ellis, Warden at the Mercer County Correctional Institution ("MCCI"); Captain John Doe of MCCI; Robert James, Lieutenant at MCCI; John Doe, Sergeant of MCCI; Officer Cousar of MCCI; John Does 2-4, Officers of MCCI; Jane Doe, Officer of MCCI; and Officer Woods at MCCI. (Complaint, ¶¶ 5-20).

Amendments, because the defendants observed, allowed, directed, and acquiesced in the allegedly unlawful searches.

Plaintiffs assert a general claim that defendants denied them access to the courts for redress of grievances, as guaranteed under the First Amendment.  It would appear that this claim is based on the allegation that defendants John Clancy and Mr. Brockenbrough have not provided the inmates at AMBR with print-outs of their institutional account statements, as required under 28 U.S.C. § 1915(a)(2).  Plaintiffs seek declaratory relief and over $20 million in compensatory and punitive damages.

**ANALYSIS**

Plaintiffs seek to join their claims in one action against multiple defendants.  Federal Rule of Civil Procedure ("Rule") 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a) concerns permissive joinder of parties:

(1)  Plaintiffs.  Persons may join in one action as
     plaintiffs if:
     (A)  they assert any right to relief jointly, severally,
          or in the alternative with respect to or arising
          out of the same transaction, occurrence, or series
          of transactions or occurrences; and
     (B)  any question of law or fact common to all
          plaintiffs will arise in the action.
(2)  Defendants.  Persons ... may be joined in one action as
     defendants if:
     (A)  any right to relief is asserted against them
          jointly, severally, or in the alternative with
          respect to or arising out of the same transaction,

3

occurrence, or series of transactions or
occurrences; and
(B)   any question of law or fact common to all
defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements of Rule 20(a) are to be liberally construed

in the interest of convenience and judicial economy. Swan v. Ray,

293 F.3d 1252, 1253 (11th Cir. 2002).  But the policy of liberal

application of Rule 20 is not a license to join unrelated claims

and defendants in one action.  See Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

In actions involving multiple claims and multiple

defendants, Rule 20 operates independently of Rule 18.

Despite the broad language of Rule 18(a), plaintiff may join
multiple defendants in a single action only if plaintiff
asserts at least one claim to relief against each of them
that arises out of the same transaction or occurrence and
presents questions of law or fact common to all.  If the
requirements for joinder of parties have been satisfied,
however, Rule 18 may be invoked independently to permit
plaintiff to join as many other claims as plaintiff has
against the multiple defendants or any combination of them,
even though the additional claims do not involve common
questions of law or fact and arise from unrelated
transactions.

7 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal

Practice & Procedure § 1655 (3d ed. 2001).

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), the Court

held that in forma pauperis prisoners are not categorically barred

from joining as plaintiffs under Rule 20, and addressed certain

4

considerations applicable to civil cases in which multiple
prisoner plaintiffs seek to join in one action pursuant to Rule
20.  "In exercising its discretion [whether to permit joinder],
the District Court must provide a reasoned analysis that comports
with the requirements of the Rule, and that is based on the
specific fact pattern presented by the plaintiffs and claims
before the court."  Hagan, 570 F.3d at 157.

Here, where the entire $350 filing fee has not been prepaid,
the full $350 filing fee must be assessed against each in forma
pauperis prisoner plaintiff permitted to join under Rule 20, as
though each such prisoner were proceeding individually.  Hagan,
570 F.3d at 150.  Where multiple plaintiffs seek to proceed in
forma pauperis, each must submit a complete application,
accompanied by the required certified six-month institutional
account statement.[3]

---

[3]  28 U.S.C. § 1915 establishes financial requirements for a
prisoner who is attempting to bring a civil action or file an
appeal in forma pauperis.  The prisoner must submit (1) an
affidavit, including a statement of all assets, which states that
the prisoner is unable to pay the fee, and (2) a certified copy
of the inmate trust fund account statement for the six-month
period immediately preceding the filing of a complaint.  28
U.S.C. § 1915(a).  The prisoner must obtain the certified
statement from the proper official of each place of confinement.
Id.; see Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th
Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).
    The prisoner, even if granted in forma pauperis status, must
pay the full amount of the $350 filing fee in installments.  28
U.S.C. § 1915(b)(1).  In each month that the amount in the
prisoner's account exceeds $10, until the $350 filing fee is paid,
the agency having custody of the prisoner shall assess, deduct
from the prisoner's account, and forward to the Clerk of the Court

Here, the $350 filing fee was not prepaid.  Also, only 12 of the 13 plaintiff signatories to the Complaint applied for leave to proceed in forma pauperis; of those 12 applications, none of them are complete.  The Court acknowledges Plaintiffs' claim that they were not given their prison account statements; however, the Plaintiffs do not document the requests for same, and do not allege that they actually tried to get their account statements before filing this claim.  Indeed, not one of the Plaintiffs, other than Niblack, provides a prison number for identification.

It also appears that seven of the named Plaintiffs are no longer at AMBR.  (See dkt. entry nos. 3-9, mail returned as undeliverable as to Henderson, Zaragoza, Sauler, White, Smith, Medina, and Hewlett.)

---

an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought as to prison conditions).  If the Court dismisses a complaint for any of these reasons, the installment payments of the filing fee are not suspended and the prisoner does not get back the filing fee, or any part of it, that has been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, the prisoner cannot bring another action in forma pauperis unless the prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Therefore, as the Plaintiffs have failed to meet the filing fee requirements, all applications for leave to proceed in forma pauperis will be denied without prejudice.  If Plaintiffs move to re-open this action, or if Plaintiffs choose to assert their respective claims in a new separate action, then they may file new applications for leave to proceed in forma pauperis.

Finally, Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  As the Hagan court provided new guidelines regarding the procedures applicable to cases in which multiple pro se prisoner plaintiffs seek to proceed jointly, it would not be just, at this time, to sever any improperly joined claims.[4]  Instead, Plaintiffs will be given the opportunity to either (1) move to re-open this action, complying with the rules applicable to joinder of claims and parties, including the filing fee requirements, or (2) file new and separate actions asserting their individual claims.

### CONCLUSION

For the reasons set forth above, all pending applications for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to

---

[4]  This Court notes that while the unlawful strip search claim may be common to all of the Plaintiffs, the denial of access to the courts claims does not.  Moreover, as to defenses and damages regarding the strip search claim, Plaintiffs' claims may vary greatly.

7

administratively terminate this action, without filing the Complaint or assessing a filing fee.  Plaintiffs will be granted leave to move to re-open, or file their own individual Complaints, within 30 days.[5]  Any future joint amended Complaint or individual Complaint must comply with the Rules for asserting multiple claims by or against multiple parties.  An appropriate order follows.

            s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  April 28, 2010

---

[5]  Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995).